IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,934-01, WR-75,934-02, WR-75,934-03 & WR-75,934-04






EX PARTE JAMES ALLEN PELLOAT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 5591, 5593, 5617 & 5594 IN THE 1-A JUDICIAL DISTRICT COURT


FROM NEWTON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered into a plea agreement
whereby he pleaded guilty to two charges of sexual assault of a child, and two charges of improper
relationship between an educator and a student. He was sentenced to twenty years' imprisonment
for each charge, with the sentences in two of the four charges running consecutively, and the other
two sentences running concurrently. He did not appeal his convictions.

 Applicant contends, inter alia, that the trial court lacked jurisdiction to entertain the plea
agreement, that his pleas were not knowingly and voluntarily entered, and that his trial counsel
rendered ineffective assistance because he failed to investigate and discover that one of the offenses
to which Applicant pleaded guilty was not a separate crime at the time it was alleged to have been
committed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to provide an affidavit responding to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial attorney was aware
that the statute making an improper relationship between an educator and a student a crime was
enacted in 2003. If counsel was aware of this fact, the trial court shall make findings as to why
counsel allowed Applicant to plead guilty to the offense in cause number 5594, which was alleged
to have been committed in 2001, prior to the effective date of Texas Penal Code §21.12. The trial
court shall make findings as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


 

Filed: June 22, 2011

Do not publish